J-S17031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ARTHUR DUNN | |
| Appellant | No. 1207 WDA 2014 |

Appeal from the PCRA Order July 18, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008051-1997

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:                **FILED MARCH 30, 2016**

Appellant, Arthur Dunn, is before us upon remand from the Pennsylvania Supreme Court with regard to his appeal from the Allegheny County Court of Common Pleas order that dismissed his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On June 1, 1997, then fifteen-year-old Appellant participated in a robbery that resulted in the victim's death.  A jury convicted Appellant of second-degree murder and related offenses.  On April 12, 1999, the court sentenced Appellant to automatic life imprisonment without the possibility of parole ("LWOP").  This Court affirmed the judgment of sentence on August 22, 2000, and our Supreme Court denied allowance of appeal on March 30, 2001.  *See Commonwealth v. Dunn*, 764 A.2d 1121 (Pa.Super. 2000),

_____

*Former Justice specially assigned to the Superior Court.

*appeal denied*, 565 Pa. 663, 775 A.2d 801 (2001). Appellant filed the current *pro se* PCRA petition on July 9, 2012, asserting a new constitutional right under the United States Supreme Court's decision in **Miller v. Alabama**, ___ U.S. ___, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), as an exception to the statutory timeliness requirements and as a basis for substantive relief. The PCRA court appointed counsel, who filed a petition to stay, which the court granted, pending resolution of **Commonwealth v. Cunningham**, 622 Pa. 543, 81 A.3d 1 (2013). Thereafter, the PCRA court issued Rule 907 notice and dismissed the petition on July 18, 2014. On July 25, 2014, Appellant timely filed a notice of appeal and a timely court-ordered Rule 1925(b) statement.

On appeal, this Court affirmed the denial of PCRA relief, pursuant to **Cunningham** (holding **Miller** does not apply retroactively to sentences which became final before the filing date of **Miller** (June 25, 2012)). On February 11, 2016, our Supreme Court vacated our disposition and remanded the case for reconsideration under **Montgomery v. Louisiana**, ___ U.S. ___, 2016 WL 280758 *12 (filed January 25, 2016, as revised on January 27, 2016) (holding **Miller** applies retroactively to cases on collateral review). Because Appellant was fifteen years old at the time of his offense, he falls within the class of juvenile offenders who can benefit from the **Montogmery/Miller** decisions. **See Commonwealth v. Secreti**, ___ A.3d ___, 2016 PA Super 28 (filed February 9, 2016) (holding orders denying

PCRA relief in cases involving *Montgomery/Miller* must be reversed and remanded for resentencing consistent with this new rule of substantive law and *Commonwealth v. Batts*, 620 Pa. 115, 131-32, 66 A.3d 286, 296 (2013)).

> [A]t a minimum [the court] should consider a juvenile's age at the time of the offense, his diminished culpability and capacity for change, the circumstances of the crime, the extent of his participation in the crime, his family, home and neighborhood environment, his emotional maturity and development, the extent that familial and/or peer pressure may have affected him, his past exposure to violence, his drug and alcohol history, his ability to deal with the police, his capacity to assist his attorney, his mental health history, and his potential for rehabilitation.

*Id.* at 133, 66 A.3d at 297. Taking such factors into consideration, the imposition of a minimum sentence in all but the most egregious cases, is the most appropriate remedy for the federal constitutional violation that occurs when a court has mechanically and mandatorily applied a LWOP sentence on a juvenile offender. *Id.*

Here, Appellant was a fifteen-year-old juvenile when he participated in a robbery on June 1, 1997, which resulted in the victim's death. Appellant filed his current PCRA petition on July 9, 2012, asserting a new constitutional right under *Miller, supra*, both as an exception to the statutory timeliness requirements and as a basis for substantive relief. Appellant's petition was denied under *Cunningham, supra*. In light of recent case law, however, *Cunningham* no longer controls in this context. *See Secreti, supra*. Accordingly, we reverse the PCRA court's order denying relief, vacate

- 3 -

Appellant's judgment of sentence, and remand for resentencing in accordance with **Batts, supra**.[1]

Order reversed; case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2016

---

[1] Due to our disposition, we deny as moot Appellant's petition for remand to the PCRA court for amendment of Appellant's petition and reconsideration under **Montgomery, supra**.